UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **DEREK MORTLAND, individually,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Cause No. 1:15-cv-146-WTL-TAB |
| ) | |
| **B&O LLC, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## ENTRY ON B&O's MOTION TO MODIFY CASE MANAGEMENT PLAN AND TRIAL SETTING

This cause is before the Court on Defendant B&O, LLC's ("B&O") Motion to Modify Case Management Plan and Trial Setting (Dkt. No. 36). The motion is fully briefly, and the Court, being duly advised, **DENIES** the motion with respect to Counts I and II and **GRANTS** the motion with respect to Counts III and IV for the following reasons.

### I.  BACKGROUND

On April 27, 2015, B&O filed a Jury Demand with its Answer to Plaintiff's Amended Complaint. On June 30, 2015, the parties filed their joint Case Management Plan ("CMP"). Part VI of the CMP indicated that the trial was by the Court. B&O indicates that it erroneously agreed to a trial by the Court and asks to amend the CMP to indicate that the matter will be tried by a jury on all counts. The Plaintiff does not dispute that the Defendants are entitled to a trial by jury on Counts III and IV of the Amended Complaint but argues that the Defendants are not entitled to a jury trial on Counts I and II.

### II.  DISCUSSION

The remedies and procedures for private actions under Title III of the ADA are those set forth in 42 U.S.C. § 2000a-3(a). *See* 42 U.S.C. § 12188(a)(1). The former section only authorizes

"a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order." Thus, the Court finds no authority that would permit an award of damages to the plaintiff, or require that a jury trial be held, under Title III of the ADA. Title III of the ADA does not provide for monetary damages or, concomitantly, a jury trial, when the action is brought by a "person who is being subjected to discrimination." 42 U.S.C. § 12188(a)(2). *See, e.g.*, *Smith v. Wal-Mart Stores, Inc.*, 167 F.3d 286, 293 (6th Cir. 1999) (recognizing that Title III enforcement statute, 42 U.S.C. § 12188, which incorporates the remedies of 42 U.S.C. § 2000a-3(a), does not include money damages); *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1120 (9th Cir. 2000) ("Monetary relief is not an option for private individuals under Title III of the ADA. As a result, a plaintiff who files an ADA claim can at most hope to improve access through an injunction.").

B&O argues that when an ADA Title III claim is joined with a state law discrimination claim, a jury may hear all issues common to both claims. However, as the Plaintiff points out, Count II of the Amended Complaint alleges violations of the Indiana Civil Rights Law, which provides that "[a] civil action filed under this section must be tried by the court without benefit of a jury." Ind. Code. ' 22-9-1-17(c). As such, Counts I and II will be decided by the Court. The Plaintiff does not object to a jury trial for Counts III and IV of the Amended Complaint, and the Court grants B&O's motion with regard to those counts.

### III.    CONCLUSION

For the reasons set forth above, B&O's Motion to Modify Case Management Plan and Trial Setting (Dkt. No. 36) is **DENIED** with respect to Counts I and II and **GRANTED** with respect to Counts III and IV.

SO ORDERED: 11/10/15

_____

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to counsel of record via electronic communication